UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>    Defendants. | No. 2:17-cv-1949 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants have failed to provide him with safe living conditions in violation of the Eighth Amendment. Before the court are plaintiff's motion to proceed in forma pauperis ("IFP") (ECF No. 9), plaintiff's complaint for screening (ECF No. 1), plaintiff's motion for a preliminary injunction (ECF No. 7), and plaintiff's motion for class certification (ECF No. 10). For the reasons set forth below, the court will grant plaintiff's IFP motion, dismiss plaintiff's complaint and give plaintiff leave to file an amended complaint, recommend dismissal of defendant California Department of Corrections and Rehabilitation ("CDCR") from this action, deny plaintiff's motion for a preliminary injunction, and deny plaintiff's motion for class certification.

////

////

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

**II.     Analysis**

   **A.  Allegations of the Complaint**

Plaintiff is currently incarcerated at Kern Valley State Prison.  Plaintiff states his claims arose at California State Prison-Sacramento and "all other sensitive needs yards of the CDCR." (ECF No. 1 at 1.)  Plaintiff names as defendants CDCR, the director of CDCR, and the secretary of CDCR.  (Id.)

Plaintiff's complaint alleges as follows:  Plaintiff is a convicted sex offender and has been a sensitive needs yard ("SNY") inmate since 2009.  (Id. at 4-5.)  In agreeing to house on a SNY plaintiff agreed to "leave the main-line and gang politics behind" and in exchange prison officials would provide him with "predatory free living conditions."  (Id. at 5.)  Plaintiff states he has been pressured by other inmates to show them paperwork verifying his commitment offense.  (Id.)  He claims that in doing so, or refusing, he "has had to fight for his life in order to escape and get out of the cell."  (Id.)  Plaintiff further alleges unspecified correctional officers spread information to other inmates regarding plaintiff's status as a sex offender.  (Id. at 6.)  Plaintiff claims that in an effort to avoid physical altercations with other inmates he has refused to accept cellmates and received rules violations as a result of his refusals.  (Id. at 5.)  Plaintiff suffers from psychological anguish and fears being physically assaulted.  (Id. at 6.)  Plaintiff further claims sex offenders on SNYs are targets of assault by gang members.  (Id. at 9.)

Plaintiff requests defendants create a sensitive needs yard specifically for sex offenders that excludes gang members.  (Id. at 10.)  Additionally, plaintiff requests a reduction in security level points that he has received based on rules violations for refusing housing assignments.  (Id.)

   **B.     Legal Standards for Eighth Amendment Failure to Protect Claims**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

////

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer, 511 U.S. at 832-33; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis, and citations omitted).

**C.     Analysis**

**1.     CDCR is not a Proper Defendant**

The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1066, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. Of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

The CDCR, as a state agency, is entitled to Eleventh Amendment immunity regardless of the relief sought by plaintiff. Accordingly, the court will recommend CDCR be dismissed as a defendant.

### 2. Claims against the Director[1] and the Secretary of CDCR

Plaintiff is not precluded from maintaining an action for prospective relief against individual state officials in their official capacity. Wolfson v. Brammer, 616 F.3d 1045, 1066 (9th Cir. 2010). Official capacity claims must allege that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Van Ort v. Estate of Stanewhich, 92 F.3d 831, 835 (9th Cir. 1996); Oviat v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992).

When a named defendant holds a supervisorial position, as the secretary and directors of CDCR do, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, plaintiff has not alleged sufficient facts to support a claim that his Eighth Amendment rights are being violated or that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

---

[1] Although plaintiff names the director of CDCR as a defendant, it is unclear to the court which director plaintiff is referring to. The CDCR executive staff page lists a number of directors of various divisions of CDCR. See http://www.cdcr.ca.gov/About_CDCR/Executive_Staff.html.

6

promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d at 646. Although federal pleading standards are broad, some facts must be alleged to support claims under § 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

In order to state a claim on which relief can be granted, plaintiff must allege specific facts stating how each named defendant violated his rights. While plaintiff has referenced a "recent change in the state of SNY conditions," he has failed to point to a specific policy or a failure to promulgate a specific policy that has caused a violation of his constitutional rights. Further, he has not stated with specificity what the named defendants have done or not done that has violated his rights. See Cooper v. Brown, No. 15-cv-0908 DAD GSA P, 2016 WL 2756624 at *4 (E.D. Cal. May 12, 2016) (Conclusory, speculative allegations were not sufficient to state a claim against defendants in supervisory positions).

If plaintiff intends to base his claim on CDCR policy, he must state what policy violates his rights and show that the named defendants are the moving force behind that policy. It is not sufficient to allege generally that patterns of behavior carried out by individual correctional officers or other prison officials violated plaintiff's rights and attribute those actions to supervisory officials. If plaintiff believes individual officers violated his rights he must allege facts showing how those individuals violated his constitutional rights.

### 3. Breach of Contract Claim

Plaintiff claims his Fourteenth Amendment due process rights have been violated because defendants breached the SNY agreement plaintiff signed in 2009. (ECF No. 1 at 8.) While this claim references the Fourteenth Amendment, plaintiff indicates this claim is based on state law as he claims the court may exercise supplemental jurisdiction over this claim. (Id. at 9.)

The federal supplemental jurisdiction statute provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Liberally construed, plaintiff's allegations

satisfy the statutory requirement. However, the court cannot exercise supplemental jurisdiction over plaintiff's state law claims because he has not stated a cognizable federal claim and the court expresses no opinion on the merits of the claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff seeks a preliminary injunction ordering defendant director of CDCR to designate plaintiff to be single celled and placed in a protective housing unit until the merits of this action are adjudicated. (ECF No. 7 at 1-2.)

In support of his motion for preliminary injunction plaintiff alleges his safety has been an issue since the opinion denying his habeas petition was published and therefore viewable on law library computers. (Id. at 3.) He claims information regarding his commitment offense was distributed by inmates and correctional officers. (Id.) Plaintiff claims inmates have taken plaintiff's information with them as they have been transferred to other facilities throughout CDCR. (Id. at 7.) He alleges he has been transferred several times in the past two years and he has informed staff members at each committee hearing about his safety concerns. (Id. at 5-7.) However, officials have continually classified plaintiff as double cell clear leaving plaintiff vulnerable to an attack from potential cellmates who take issue with his status as a sex offender. (Id.)

Plaintiff claims upon arrival at Kern Valley State Prison in October 2017, he informed Lieutenant Waddale he had safety concerns. (Id. at 10.) She informed him his concerns were not sufficient to prevent him from housing on the SNY yard. (Id.) Plaintiff informed Waddale that he would refuse to accept a cellmate so that he would receive a rules violation and be sent to administrative segregation. (Id.) Plaintiff claims Waddale ordered two officers to handcuff plaintiff and forcefully escort him to the housing unit. Plaintiff claimed he is in imminent danger due to his placement on the yard. (Id.)

**A.   Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110

////

////

////

1 | (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2]

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

**B.     Analysis**

At the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated. Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008). Because the court cannot presently make a decision regarding the likelihood of plaintiff's success on the merits of his claim the court will recommend plaintiff's motion for preliminary injunction be denied. However, the court takes seriously plaintiff's allegations that his safety is threatened.

Plaintiff's declaration filed February 20, 2018 (ECF No. 12) detailed an attempted stabbing and his declaration filed March 5, 2018 (ECF No. 13) alleged a correctional officer informed other inmates of plaintiff's status as a sex offender. In light of these allegations, the court will order the Office of the Attorney General to contact the litigation coordinator at Kern Valley State Prison and inform the court about what measures are being taken to address plaintiff's safety concerns.

////

////

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

## MOTION FOR CLASS CERTIFICATION

Plaintiff has requested the court certify this suit as a class action because the number of CDCR inmates who are sex offenders is large, the questions of law and facts are common to all class members, there have been a high volume of attacks on this group of inmates, and their interests are similarly situated. (ECF No. 10)

Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of prisoners. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); see also Simon v .Hartford Life, Inc, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear in propia person in his behalf, that privilege is personal to him." Id. (citations omitted).

Because plaintiff is proceeding in pro se in this matter he does not have the authority to represent other inmates. Therefore, the court will recommend his motion for class certification be denied.

## AMENDING THE COMPLAINT

As set out above, plaintiff fails to state a cognizable claim. Plaintiff will be given the opportunity to amend the complaint.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required

to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 9) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." If plaintiff fails to file an amended complaint, this court may recommend dismissal of this action.

5. The Clerk of the Court is directed to randomly assign this matter to a District Judge.

6. The Office of the Attorney General is instructed to:

a. Contact the Kern Valley State Prison Litigation Coordinator to determine what, if anything is presently being done to address plaintiff's safety concerns.

b. Within twenty days after the filing date of this order, file and serve a statement reflecting the findings of such an inquiry, including all appropriate declarations

7. The Clerk of the Court is directed to serve a copy of this order on Ms. Monica Anderson, Supervising Deputy Attorney General.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for preliminary injunction (ECF No. 7) be denied;

2. Plaintiff's motion for class certification (ECF No. 10) be denied; and

3. The California Department of Corrections and Rehabilitation be dismissed as a defendant.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 14, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DB/prisoner-civil rights/hamm1049.scrn