UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>    Defendants. | No. 2:17-cv-1949 MCE DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims prison officials have failed to provide him with safe living conditions in violation of the Eighth Amendment. Presently before the court is plaintiff's motion for preliminary injunction. (ECF No. 27.)

Plaintiff seeks an order directing the California Department of Corrections and Rehabilitation ("CDCR") to transfer him back to the Psychiatric Services Unit ("PSU") at California State Prison, Sacramento (CSP-SAC). Plaintiff is presently incarcerated at California State Prison, Corcoran (CSP-COR). Plaintiff claims his life is in imminent danger because inmates convicted of sex offenses are regularly assaulted by gang members while on sensitive needs yards ("SNY"). Plaintiff asserts he was held in the PSU while at CSP-SAC, where inmates are single-celled. Plaintiff further states that inmates are shackled and escorted by correctional officers when they are moved in the PSU. Plaintiff claims following a classification committee hearing, he was told his level of mental health care was being lowered and he would be

1

transferred to CSP-COR. Plaintiff claims a fellow inmate informed him that gang members have targeted plaintiff for assault because of his allegations in the case.

Plaintiff speculates that he may be forced to share a cell with a gang member and claims correctional officers at CSP-COR allow gang members to free themselves from their handcuffs while in common areas to stab and beat other inmates who remain cuffed. Plaintiff also claims he will not have access to programs because he will refuse to exit his cell for fear of being assaulted while on his way to or from a hearing, program, or the law library.

### A. Legal Standards

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

**B.     Analysis**

It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). "'Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

and to maintain institutional security.'" Whitley v. Albers, 475 U.S. 312, 321-22 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)). Plaintiff's speculative safety concerns are not sufficient to show that he is entitled to injunctive relief. See Van Buren v. Willard, No. 1:13-cv-1273 DLB PC, 2014 WL 2524392 at *2 (E.D. Cal. June 4, 2014) (denying injunctive relief to plaintiff with safety concerns regarding his placement on a yard with known enemies because his concern was speculative and did "not demonstrate he was facing real, immediate danger."). Accordingly, plaintiff may not use a motion for preliminary injunction to prevent a prison transfer or direct a transfer to his preferred institution.

Additionally, at the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated. Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008). Because the court cannot presently make a decision regarding the likelihood of plaintiff's success on the merits of his claim, the court will recommend plaintiff's motion for preliminary injunction be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 27) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 7, 2018

DLB:12
DB/prisoner-civil rights/hamm1049.scrn2.pi

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4