UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>    Defendants. | No. 2:17-cv-1949 MCE DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims prison officials have failed to provide him with safe living conditions in violation of the Eighth Amendment. Presently before the court is plaintiff's motion for preliminary injunction. (ECF No. 38.)

Plaintiff seeks an order directing prison officials to retain him in the Long-Term Housing Unit at California State Prison, Corcoran (CSP-COR) or send him to the Psychiatric Services Unit ("PSU") at California State Prison, Sacramento (CSP-SAC). He further requests that he be single celled and placed on "Video Escort" any time he is moved from his cell. (ECF No. 38 at 1.) In support of his request he claims correctional officers sometimes fail to fully secure inmates' handcuffs and allow inmates to escape their cuffs and assault other inmates.

Plaintiff also details a series of events involving Sergeant Burnes at CSP-COR. Plaintiff states he became involved in a controversy with Burnes over plaintiff's ability to access his legal

1

files. (ECF No. 38 at 4-7.) He claims Burnes used unnecessary force against plaintiff and then claimed plaintiff assaulted him. After plaintiff filed a grievance, he became a target for Burnes culminating in an assault on plaintiff by several correctional officers, which numerous staff members helped to conceal.

Plaintiff also claims Burnes placed inmate Mijia into the cell next to plaintiff in order to have the inmate assault plaintiff. (ECF No. 38 at 9.) Plaintiff further alleges he spoke to Mijia, who detailed that he and his fellow gang members would assault inmates at the direction of staff in exchange for privileges. Plaintiff claims Mijia declined to assault plaintiff out of respect for plaintiff and because there were other gang members who could assault plaintiff once he is out of the Secure Housing Unit. (ECF No. 38 at 11.)

Plaintiff additionally claims officers supervised by Burnes assault him while they are transporting him to and from his cell and then claim plaintiff assaulted them. (ECF No. 38 at 12.) He states he has requested to be placed on video escort, but his request was denied during his committee hearing. He moves for a court order directing that he be placed on video escort.

**A.     Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

////

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

**B.     Analysis**

It appears that plaintiff is once again attempting to dictate where and how he is housed within CDCR. However, it is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). "'Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Whitley v. Albers, 475 U.S. 312, 321-22 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)). Plaintiff's speculative safety concerns are not sufficient to show that he is entitled to injunctive relief. See Van Buren v. Willard, No. 1:13-cv-1273 DLB PC, 2014 WL 2524392 at *2 (E.D. Cal. June 4, 2014) (denying injunctive relief to plaintiff with safety concerns regarding his placement on a yard with known enemies because his concern was speculative and did "not demonstrate he was facing real, immediate danger."). Accordingly, plaintiff is not entitled to be housed in any particular prison or that court intervention overriding the discretion of prison officials is warranted.

Plaintiff argues that the merits of this case are no longer at issue because CDCR has allegedly agreed SNYs are not safe and will be transitions into "'Nondesignated Yards' (NDSY)." (ECF No. 38 at 15.) However, the court is not yet able to make any determination regarding the merits of this case. See Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (At the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated). Defendants have not yet been served and thus, have not had the opportunity to file an answer or submit evidence. Accordingly, the court cannot make a determination regarding the merits at this stage.

Further, plaintiff's claim in this action is that the defendant failed acted with deliberate indifference in failing to change SNY housing policy after he was aware inmates such as plaintiff

were being targeted. (ECF No. 24.) In the present motion, plaintiff has stated allegations of retaliation against correctional staff at CSP-COR. It would not be appropriate for the court to provide the requested relief because it is unrelated to plaintiff's underlying claim. See Pacific Radiation Oncology, LLC, v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) (holding there must be a "sufficient nexus between the request in a motion for injunctive relief and the underlying claim itself.").

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 38) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 3, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DB/prisoner-civil rights/hamm1049.pi(2)

5