UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER,

    Plaintiff,

v.

DIRECTOR OF CDCR, et al.,

    Defendants.

No. 2:17-cv-1949 MCE DB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims prison officials have failed to provide him with safe living conditions in violation of the Eighth Amendment. Presently before the court is plaintiff's motion for temporary restraining order. (ECF No. 52.)

Plaintiff requests that the court issue an order instructing prison officials to retain plaintiff in the Security Housing Unit (SHU) on single-cell status during the pendency of the 120-day stay of this action. (ECF No. 52.) Plaintiff states that if he is released onto a sensitive needs yard he will be in harms way.

**I.    Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.

1

Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

**II.     Analysis**

As plaintiff has previously been advised, it is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976). "'Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Whitley v. Albers, 475 U.S. 312, 321-22 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)).

Plaintiff has concluded that his safety would be in jeopardy should he be released onto a sensitive needs yard. However, he has not demonstrated that he will actually be released onto a sensitive needs yard or stated facts showing that if he were housed on a sensitive needs yard he would be in immediate danger. Plaintiff's speculative safety concerns are not sufficient to show that he is entitled to injunctive relief. See Van Buren v. Willard, No. 1:13-cv-1273 DLB PC, 2014 WL 2524392 at *2 (E.D. Cal. June 4, 2014) (denying injunctive relief to plaintiff with safety concerns regarding his placement on a yard with known enemies because his concern was speculative and did "not demonstrate he was facing real, immediate danger."). Accordingly,

////

---

the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

plaintiff is not entitled to be housed in accordance with his preference to be single-celled and court intervention overriding the discretion of prison officials is not warranted.

Further, at this stage of the proceedings the court is not able to determine plaintiff's likelihood of success on the merits. See Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (At the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated). Defendants have not yet had the opportunity to file an answer or submit evidence. Thus, the court cannot make a determination regarding the merits at this stage. Accordingly, plaintiff is not entitled to an order directed toward prison officials stating that he shall be single-cell and that he is to remain in SHU housing while this action is stayed.

This instant motion is the fourth request for injunctive relief regarding plaintiff's housing related safety concerns filed in this action. (See ECF Nos. 7, 27, 38.) Under Federal Rule of Civil Procedure 11(b), a prisoner's claims are considered frivolous if they "merely repeat [] pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). Sanctions for violation of Rule 11(b) may include dismissal of the plaintiff's case. See Bell v. Harrington, No. 1:12-cv-0349 LJO GBC PC, 2012 WL 893815 at *9 (E.D. Cal. Mar. 15, 2012). Plaintiff is warned that further motions for injunctive relief that merely repeat the arguments made in the instant and three prior motions for injunctive relief may result in the imposition of sanctions.

### III.    Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 52) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 12, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DB/prisoner-civil rights/hamm1049.pi(3)

5