UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>Defendants. | No. 2:17-cv-1949 MCE DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims prison officials failed to provide him with safe living conditions in violation of the Eighth Amendment. Presently before the court is plaintiff's motion to enforce a court order and his sixth motion requesting injunctive relief. (ECF Nos. 69, 70.) For the reasons set forth below, the court will deny as moot his motion to enforce and recommend that his motion for preliminary injunction be denied.

## MOTION TO ENFORCE

In objections filed on July 1, 2019 (ECF No. 58), plaintiff alleged that inmate Chavez, housed in a neighboring cell, gave plaintiff several pieces of metal and instructed plaintiff to "slash" a correctional officer. Plaintiff stated that he showed the metal to several staff members but was not issued a rules violation report. In light of the allegations in the objections, the court

////

1

directed counsel for defendant to inform the court of plaintiff's housing status and any measures taken to address plaintiff's safety concerns. (ECF No. 61.)

On July 25, 2019, counsel for defendant filed a response containing the declaration of Correctional Counselor Sanchez, as well as various exhibits related to plaintiff's recent classification committee hearings and the rules violation report plaintiff received for possession of weapons on June 15, 2019. (ECF No. 64.) Sanchez's declaration states that he reviewed plaintiff's central file and housing assignment records. (ECF No. 64 at 1.) Sanchez noted that plaintiff and inmate Chavez are no longer housed in the same building and that they have been documented as enemies of one another. (ECF No. 64 at 3.) Sanchez further stated that plaintiff was endorsed for transfer to California Correctional Institution (CCI) after he completes his Security Housing Unit (SHU) term on October 29, 2019. (ECF No. 64 at 3.)

Plaintiff now moves for an order from this court to enforce its July 11, 2019 order (ECF No. 61). Plaintiff argues that the response submitted by counsel for defendant does not address his safety concerns. Plaintiff claims Sanchez's declaration fails to inform the court that plaintiff has been placed on a list to be sent to California Correctional Institution (CCI).[1] Plaintiff states that CCI "is worse than [Kern Valley State Prison] and [Salinas Valley State Prison] together fore [sic] being the designated prison for SNY gangs including Chavez's gang the 'Independent Riders.'" (ECF No 69 at 4.) Plaintiff further argues that Sanchez did not speak to plaintiff directly in preparing his declaration.

Because defendants have filed a response that complies with the court's July 11, 2019 order, the court will deny plaintiff's motion to enforce as moot.

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff also moves for injunctive relief and requests an order from this court directing that he be: (1) retained in the SHU and not be placed on a SNY; (2) designated single cell status; (3) placed on video escort; and (4) transferred to the Psychiatric Services Unit (PSU) at California State Prison, Sacramento (CSP-SAC). (ECF No. 70 at 1-2.)

---

[1] As stated above, Sanchez indicated in his declaration that plaintiff was endorsed for transfer to CCI after October 29, 2019. (See ECF No. 64 at 3 ¶ 6.)

2

Plaintiff argues that the declaration filed in defendant's response, shows that CDCR officials are aware of the danger plaintiff faces while housed in the same facility as inmate Chavez. Plaintiff states that officials have placed documentation in his central file stating that he and Chavez are enemies. Plaintiff claims that Chavez is an influential member of a gang and any fellow gang member plaintiff comes into contact with, will act on Chavez's behalf. Plaintiff argues that it makes no sense to acknowledge that Chavez is a danger to plaintiff, without also finding that plaintiff faces danger from his fellow gang members. Plaintiff states prison officials must be aware that if plaintiff is placed on a SNY yard he will be targeted by a member of the gang.

## I. Legal Standards

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is

not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2]

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

**II.     Analysis**

This instant motion is the sixth request for injunctive relief regarding plaintiff's safety concerns and housing demands filed in this action. (See ECF Nos. 7, 27, 38, 52, 54.) Under Federal Rule of Civil Procedure 11(b), a prisoner's claims are considered frivolous if they "merely repeat [] pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

Sanctions for violation of Rule 11(b) may include dismissal of the plaintiff's case. See Bell v. Harrington, No. 1:12-cv-0349 LJO GBC PC, 2012 WL 893815 at *9 (E.D. Cal. Mar. 15, 2012). The court previously warned plaintiff that filing further motions for injunctive relief based on arguments previously presented to the court could result in the imposition of sanctions. (ECF No. 53 at 4.)

While the court takes seriously plaintiff's safety concerns, plaintiff is not entitled to dictate his housing assignments. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976); Montayne v. Haymes, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.). Additionally, it is improper for the court to second guess the decisions of prison officials regarding the day-to-day operation of prisons. See Whitley v. Albers, 475 U.S. 312, 322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979) (Prison officials are entitled to "'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'").

Plaintiff's speculative safety concerns regarding gang issues at CCI are not sufficient to show that he is entitled to injunctive relief. See Van Buren v. Willard, No. 1:13-cv-1273 DLB PC, 2014 WL 2524392 at *2 (E.D. Cal. June 4, 2014) (denying injunctive relief to plaintiff with safety concerns regarding his placement on a yard with known enemies because his concern was speculative and did "not demonstrate he was facing real, immediate danger."); see also Rigsby v. State, No. CV 11-1696 PHX DGC, 2013 U.S. Dist. LEXIS 44688, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying inmate's motion for injunctive relief based on fear of potential future injury based on past assaults); Chappell v. Stankorb, No. 1:11-cv-1425 LJO, 2012 WL 1413889 at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where inmate's claims of injury based on future housing decisions were nothing "more than speculative."), report and recommendation adopted, 1:11-cv-1425 LJO 2012 WL 2839816 (E.D. Cal. July 9, 2012).

Further, at this stage of the proceedings the court is not able to determine plaintiff's likelihood of success on the merits. See Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008)

(At the pleading stage, the court is not in a position to determine questions of the claim's merit which require submission of evidence, versus only a determination as to whether a claim has been plausibly stated). Accordingly, the court will recommend that plaintiff's motion for injunctive relief be denied.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to enforce the court's July 11, 2019 order (ECF No. 69) is denied as moot.

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 70) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 4, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DB/prisoner-civil rights/hamm1049.pi(4)

6