UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1949 MCE DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims prison officials have failed to provide him with safe living conditions in violation of the Eighth Amendment. Presently before the court is defendant's fully briefed motion to dismiss and plaintiff's request to file a surreply. For the reasons set forth below the court will deny plaintiff's motion to file a surreply and recommend that the motion to dismiss be granted.

## BACKGROUND

**I.　　Relevant Procedural History**

Plaintiff initiated this action by filing the original complaint on September 20, 2017. (ECF No. 1.) The court screened and dismissed the original complaint for failure to state a claim. (ECF No. 14.) Thereafter, plaintiff filed the First Amended Complaint (FAC). (ECF No. 24.) The court determined the FAC stated a potentially cognizable Eighth Amendment claim against

1

defendant Kernan. (ECF No. 31.) Following service, the court referred this action to the Post-Screening ADR (Alternative Dispute Resolution) Pilot Program. (ECF No. 48.)

Plaintiff filed a motion to amend concurrently with a proposed amended complaint. (ECF Nos. 49, 50.) Plaintiff sought to add a state law breach of contract claim. The court granted plaintiff's motion to amend and determined that the Second Amended Complaint (SAC) would serve as the operative complaint. (ECF No. 61.)

Defendant then requested to opt out of the ADR program. (ECF No. 62.) The court granted the request and directed defendant to file a responsive pleading. (ECF No. 63.) Defendant filed the instant motion to dismiss. (ECF No. 67.) Plaintiff filed an opposition (ECF No. 72) and defendant filed a reply (ECF No. 79.)

**II.     Allegations in the Operative Complaint**

Plaintiff names as defendant in this action former Secretary of California Department of Corrections and Rehabilitation (CDCR), Scott Kernan. (ECF No. 50 at 1.) Plaintiff claims he has been deprived of safe living conditions in violation of his Eighth Amendment rights. Plaintiff states he has been housed on a Sensitive Needs Yard (SNY) since 2009 because of his status as a convicted sex offender and former gang member. (Id. at 5-6.) Plaintiff alleges that recently his safety has become endangered due to an increase in the number of gang members housed on SNYs. Plaintiff states he has received rules violation reports (RVRs) when he has refused housing assignments out of fear that potential cellmates would assault him when they found out he was a sex offender. (Id. at 9-10.)

Plaintiff alleges the policy of housing sex offenders, a group he claims has been targeted for physical assault by other inmates, with gang members on SNYs violates his rights. He alleges defendant Kernan was aware of the danger to inmates such as plaintiff because of a report by the Office of the Inspector General published in 2015. (Id. at 14-15.)

Plaintiff further alleges he entered into an agreement with CDCR when he entered SNY. (Id. at 18.) Plaintiff states that the terms of the agreement stated that he would leave "gang politics behind in exchange for SNY placement where he was told he would be provided with predatory free living conditions and an environment devoid of gangs and their politics." (Id. at 6,

2

18-19.) Plaintiff claims he has kept up his end of the bargain by becoming an SNY prisoner, which carries a stigma in the prison system and by severing his ties to the Bloods street and prison gang. (Id. at 19.) He claims CDCR has failed to comply with it obligations as stated in the SNY agreement because he has does not been afforded safe living conditions on SNYs.

Plaintiff requests that defendant "implement a program and open an SNY, or Yard upon which to house sex offenders and other vulnerable prisoners apart from SNY gangs and damages for the breach of contract. (ECF No. 21.)

## MOTION TO DISMISS

### I. Defendant's Arguments in Support of Motion to Dismiss

Defendant argues that the complaint should be dismissed as frivolous because the claims in this case are duplicative of claims plaintiff is pursuing in a separate case in the Fresno District of the Eastern District of California ("the Fresno case"). (ECF No. 67-1 at 4-6.) Defendant also presented several additional arguments in favor of dismissal. (Id. at 6-12.) However, the court will not address those arguments at this time because it has found that this action should be dismissed as frivolous under § 1915.

### II. Plaintiff's Opposition

In opposition to defendant's arguments that this action should be dismissed as frivolous plaintiff claims that this action and the Fresno case are based on separate facts. Plaintiff states that the Fresno case is "predicated on events that occurred on dates years apart" and "at separate locations." (ECF No. 72 at 5.) He states that even though the 2009 contract is mentioned in both cases, it is not the basis for relief. He appears to argue that the contract referenced in the Fresno case actually refers to the contracts signed by gang members who agreed to house with inmates such as plaintiff. (ECF No. 72 at 6.)

He further claims that the failure to protect claims are based on separate issues. In the present action his claim is based on Kernan's failure to provide a safe SNY. He claims that in the Fresno case his "deliberate indifference claim . . . is predicated on a failure to protect plaintiff's rights to due process during the ICC Hearings." (ECF No. 72 at 5.)

////

3

**III.     Motion for Leave to File a Surreply**

Plaintiff moved to file a surreply to defendant's reply along with a surreply. (ECF Nos. 84, 85.) Generally, parties are not permitted to file surreplies. See Local Rule 230(l). However, district courts have the discretion to either permit or preclude a surreply. JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse its discretion in denying leave to file a surreply where it did not consider new evidence in reply); U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse its discretion in refusing to permit "inequitable surreply").

Plaintiff claims the reply raised new arguments not contained in the motion to dismiss. (ECF No. 84 at 2.) However, upon review it appears that plaintiff simply wishes to further address points he made in his opposition that were thereafter addressed by defendant in the reply. Plaintiff's desire to have the final word is not an adequate basis upon which to allow him to file a surreply. See Garcia v. Biter, 195 F.Supp.3d 1131, 1134 (E.D. Cal. 2016) (denying plaintiff's motion for leave to file a surreply because defendants did not raise new issues or arguments, but rather "cited to the record, their motion . . .various legal authorities and substantively addresse[d] those new issues raised by plaintiff in his opposition."). Accordingly, the court will deny plaintiff's motion for leave to file a surreply.

**IV.     Analysis**

**A. In Forma Pauperis Statute**

The Prison Litigation Reform Act ("PLRA") states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii); see also 28 U.S.C. 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

Under § 1915(e)(2)(B)(ii) and § 1915A(b)(1), a complaint is subject to dismissal if the district court is determines that the complaint or any portion of the complaint is "frivolous or malicious." Courts have dismissed complaints as "frivolous" or "malicious" where an individual proceeding in forma pauperis brings more than one lawsuit based on the same allegations. See Cato v. U.S., 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (finding a complaint that repeats pending or

previously litigated claims is subject to dismissal under the in forma pauperis statute as being frivolous or malicious); Martinez v. Bureau of Immigration and Customs Enforcement, 316 Fed.Appx. 640, 641 (9th Cir. 2009) (affirming dismissal of complaint deemed frivolous because it repeated previously litigated claims); see also Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (upholding dismissal of complaint that was deemed malicious because it duplicated allegations of another pending federal lawsuit brought by the same plaintiff); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (finding district court did not abuse its discretion in dismissing complaint deemed frivolous that repeated the same factual allegations as another federal case).

In assessing duplicative lawsuits, the court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. California Dep't of health Servs., 487 F.3d 684, 689 (9th Cir. 2007), overruled on other grounds by Taylor v. Strugell, 553 U.S. 880, 904 (2008); see also Barapind v. Reno, 72 F.Supp.2d 1132, 1145 (E.D.Cal. 1999) ("A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (internal citation omitted).

**B. Is this Action Duplicative?**

Defendant argues that the present action contains allegations that are substantially similar to those brought by plaintiff in a case[1] filed by plaintiff in the Fresno Division of the Eastern District of California, Hammler v. Kernan, Case No. 1:19-cv-0497 DAD SAB (E.D. Cal.). (ECF No. 67 at 5.) Plaintiff argues that his claims are different because they are based on different theories of liability and originated at separate facilities during different periods of time. (ECF No. 72 at 5.)

**1. Claims**

"Under the first part of the duplicative action test, '[t]o ascertain whether successive causes of action are the same, [a court should] use the transaction test, developed in the context of

---

[1] Defendant's motion indicates that plaintiff also alleged similar claims in a case filed in the Southern District. See ECF No. 67 at 5. However, the court finds that discussion of the Southern District case is not relevant to the adjudication of the instant motion to dismiss.

5

claim preclusion.'" In re Consol. Salmon Cases, 688 F.Supp.2d 1001, 1007 (E.D. Cal. 2010) (quoting Adams, 487 F.3d at 689). Determining whether there is an identity of claims involves consideration of four factors: "(1) whether the two suits arise of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right, and (4) whether substantially the same evidence is presented in the two actions." See ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010) (citing Mpoyo v. Litton Electro-Optial Sys., 430 F.3d 985, 987 (9th Cir. 2005)).

Here, both claims arose out of the same transactional nucleus because both involved plaintiff's agreement to be housed on SNYs and his safety concerns related to conditions on SNYs. Both claims involved infringement of his Eighth Amendment rights and plaintiff presented the SNY agreement and the Inspector General's report as evidence supporting his claim in both actions. (ECF No. 67 at 5.)

On October 17, 2019, the magistrate judge assigned to the Fresno Division case recommended[2] that the case be dismissed for failure to state a claim. Hammler v. Kernan, No. 1:19-cv-0497 DAD SAB, 2019 WL 5260442, at *3 (E.D. Cal. Oct. 17, 2019). The court found that plaintiff's allegations regarding the conditions on SNYs failed to state an Eighth Amendment claim. The court stated specifically that:

> Plaintiff's speculative and generalized fear of gang members in the SNY does not give rise to the level of a substantial risk of serious harm. Further, Plaintiff's allegations that the California Inspector General has documented that conditions are atypical is simply too vague for the Court to infer any safety concerns. Rather atypical conditions refer to conditions that are different from those that the typical inmate would be exposed to. Plaintiff has failed to state a cognizable claim for deliberate indifference in violation of the Eighth Amendment.

Id. at *5 (internal citations omitted).

////

---

[2] On January 29, 2020, the district court adopted the findings and recommendations, dismissed the complaint for failure to state a claim, and closed the case. See Hammler v. Kernan, No. 1:19-cv-0497 DAD SAB (PC), 2020 WL 469357 at *2 (E.D. Cal. Jan. 29, 2020).

6

Such allegations are substantially similar to the claims contained in the operative complaint in this action where plaintiff alleges that his Eighth Amendment rights were violated based on a fear of gang members on SNY. (See ECF No. 50 at 3-16.) Accordingly, the court finds that the claims in this action and in the Fresno case are substantially similar.

### 2. Parties

Plaintiff named the sole defendant in this action, former CDCR Secretary Kernan, as one of several defendants in Case No. 19-cv-0497. Hammler v. Kernan, No. 1:19-cv-0497 DAD SAB, 2019 WL 5260442, at *3 (E.D. Cal. Oct. 17, 2019). Accordingly, the parties are the same in both actions.

### 3. Relief Sought

Plaintiff sought a change in his housing status and money damages in both actions. See ECF No. 50 at 21; Hammler v. Kernan, No. 19-cv-0497, ECF No. 30 at 24. Thus, the relief sought was substantially similar in both actions.

Plaintiff has already presented the same allegations he is pursuing in this action and a court found that those claims should be dismissed. Therefore, the complaint should be dismissed as frivolous because plaintiff already litigated the same claims in the Fresno case. Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) ("IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff) (citing Bailey v. Johnson, 846 F.2d 1019 (5th Cir. 1988).

## V. Leave to Amend

In light of the court's finding that this action is frivolous, it will further recommend that leave to amend be denied. See Lopez, 203 F.3d at 1127 n.8 (noting that if a plaintiff's claims are frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to file a surreply (ECF No. 84) is denied.

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 67) be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 10, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/prisoner-civil rights/hamm1049.mtd.f&rs